**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANNE L. RALTE,
Plaintiff-Appellant,

v.

No. 97-1214

HELEN KELLER INTERNATIONAL,
INCORPORATED; JOHN SNOW,
INCORPORATED,
Defendants-Appellees.

ANNE L. RALTE,
Plaintiff,

v.

HELEN KELLER INTERNATIONAL,
INCORPORATED,                                                    No. 97-1349
Defendant-Appellant,

v.

JOHN SNOW, INCORPORATED,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-96-762-A)

Argued: March 4, 1998

Decided: March 31, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
BROADWATER, United States District Judge for the
Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** J. Casey Forrester, ECONOMOU, FORRESTER &
RAY, Alexandria, Virginia, for Appellant. Judith Ann Malone,
PALMER & DODGE, L.L.P., Boston, Massachusetts; Brian Thomas
McGovern, CADWALADER, WICKERSHAM & TAFT, New York,
New York, for Appellees. **ON BRIEF:** Stewart C. Economou,
ECONOMOU, FORRESTER & RAY, Alexandria, Virginia; Geof-
frey S. Gavett, GAVETT & DATT, P.C., Rockville, Maryland, for
Appellant. John J. Michaels, Jr., MCGUIRE, WOODS, BATTLE &
BOOTHE, L.L.P., McLean, Virginia, for Appellee Snow; Peter G.
Bergmann, CADWALADER, WICKERSHAM & TAFT, New York,
New York, for Appellee Keller.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anne Ralte filed suit against Helen Keller International, Inc. (HKI)
for breach of an alleged five-year employment contract and against
John Snow, Inc. (JSI) for intentional interference with contractual
relations based on her April 1995 termination from her position as
Deputy Project Director (DPD) for the United States Agency for
International Development (USAID) funded Opportunities for Micro-
nutrient Intervention (OMNI) project. HKI filed a cross-claim against
JSI for contribution. The district court granted summary judgment in
favor of HKI on the breach of contract claim. Ralte appeals that rul-
ing. The district court also granted summary judgment in favor of JSI
on HKI's cross-claim. HKI appeals. Because we determine that Ralte

2

had no employment contract for a definite term, and therefore was an employee at will, we affirm.

I.

Summary judgment is appropriate when a party who will bear the burden of proof at trial fails to make a showing sufficient to establish an element essential to the case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When reviewing a district court's determination that summary judgment is appropriate, we apply a de novo standard of review, see Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988), and view the facts in the light most favorable to the non-moving party, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Viewed in the light most favorable to Ralte, the facts are as follows. Ralte began her employment with HKI in New York City in 1987. At that time she was employed as an Operational Assistance Coordinator. In 1988, Ralte began work as Deputy Director of HKI's Vitamin A Technical Assistance Project, funded by USAID. In 1990, Ralte was promoted to the position of Director of that project, a capacity in which she served until 1993.

In the summer of 1993, Ralte became involved in formulating a proposal, initiated by a group of eight non-profit and educational organizations of which HKI was a part, seeking USAID funding for the OMNI project. The group determined that, should USAID accept their proposal, JSI would operate as the prime contractor, charged with providing management services, and the remaining seven organizations would work on the project as subcontractors. As a condition of their agreement to make JSI the prime contractor, the remaining group members required that they be able to select OMNI's DPD. On HKI's recommendation, the group selected Ralte for that position.

In June 1993, several letters circulated among Ralte, HKI, and JSI regarding Ralte's selection as DPD.[1] Ralte sent two letters to HKI, a cover letter and a commitment letter. The cover letter noted that she

_____

[1] Ralte's selection as the OMNI project's DPD was contingent upon USAID approving funding.

3

accepted the provisional appointment to the new position of DPD for OMNI on the condition that she receive adequate financial compensation for personal losses associated with relocating from the New York City area to the Washington, D.C., area. The commitment letter stated that should the OMNI project be funded, Ralte would serve as DPD. A few days later, representatives of JSI and HKI jointly signed a letter noting that Ralte would be appointed to the DPD position for sixty person-months during the OMNI project, and would not be substituted by HKI without JSI's consent. Ralte was not a party to this joint letter. The letter was not addressed to Ralte, nor did she sign it.

On September 17, 1993, USAID awarded JSI the contract on the OMNI project. On September 20, 1993, Ralte began her duties as DPD. On January 10, 1994, Ralte drafted an offer letter, subsequently executed by the parties and back-dated to September 20, 1993, noting her new salary and responsibilities. Approximately one year after the OMNI project began, in September 1994, USAID received complaints about Pyle's performance as Director of the OMNI project. Shortly thereafter, Pyle resigned. He was replaced by JSI Vice-President Richard Moore.

In December 1994, Moore met with HKI and recommended that Ralte be removed from her position on the OMNI project. Moore formally requested that Ralte be replaced in a letter dated January 9, 1995. HKI and JSI discussed Ralte's possible termination, and reached an agreement that before terminating Ralte, JSI would apply to USAID for funding for a second DPD position with different responsibilities that Ralte would fill. USAID rejected the request for additional funding.

JSI, in its letter informing HKI that the additional funding request had not been approved, offered to pay HKI for Ralte's services through April 1995. Additionally, JSI obtained USAID's consent to extend Ralte's work on the OMNI project for six months, during which she would not occupy the position of DPD but would perform different duties. JSI told HKI that Ralte could be given the opportunity to work on an information exchange component of the OMNI project during that six month period if she "would be able to make th[e] transition gracefully and constructively." (J.A. at 294.) Ralte never undertook the additional six month appointment.

4

HKI paid Ralte's salary until February 1996, although JSI ceased reimbursing HKI for the salary on March 31, 1995. As of February 1996, HKI terminated Ralte.

II.

Ralte claims that HKI breached her employment contract when it terminated her in February 1996. In support of her claim, she asserts that she had a written employment contract with HKI for a definite term of five years, which began on September 20, 1993. Therefore, she asserts that her employment contract did not expire until September 1998. We agree with the district court that Ralte did not have an employment contract for a definite term of five years, and therefore we affirm.

Virginia adheres to the "employment-at-will" doctrine,[2] the common-law rule providing that employment is terminable at the will of either party to the employment arrangement for any reason upon reasonable notice. See Graham v. Central Fidelity Bank, 428 S.E.2d 916, 917 (Va. 1993). Although there is a strong presumption in Virginia that all employment is at will, see Lawrence Chrysler Plymouth Corp. v. Brooks, 465 S.E.2d 806, 808 (Va. 1996), that presumption can be rebutted by proving that the employee had an employment contract for a specified term or had an employment contract that stated that the employee may be terminated only "for cause," Graham, 428 S.E.2d at 917.

Ralte points to several documents that she believes constitute her employment contract for a fixed term of five years. First, she argues that the September 20, 1993, offer letter is her employment contract. We agree that this letter is an employment contract. The letter, however, makes no reference to a term of years, nor does it state that Ralte could be terminated only for cause. Therefore, her employment contract does not satisfy the requirements necessary to rebut the strong at-will employment presumption under Virginia law.

Next, Ralte asserts that several documents relating to the OMNI

_____

[2] The parties agree that Virginia law applies to their dispute.

5

project are part of her employment contract and demonstrate that she had a five-year term of employment. She notes that a letter exchanged between HKI and JSI on June 30, 1993, listed her as the individual filling the position of DPD for 60 person-months. Additionally, she notes that the subcontracting plan submitted to USAID with the OMNI project proposal listed her as the DPD. Ralte is not a party to either of these documents.[3] Thus, they cannot be deemed part of her employment contract.[4]

Finally, Ralte asserts that the five year salary projection HKI produced for her during her decision-making process before she accepted the DPD position indicated that HKI intended that she hold the job for five years. It is clear to us that this document was merely part of the negotiation process and was not part of an employment contract.

In conclusion, because we are not persuaded that any of the documents produced by Ralte demonstrate that she had an employment contract for a fixed term, we determine that she was an at-will employee under Virginia law. We, therefore, affirm the district court's grant of summary judgment in all respects. [5]

AFFIRMED

_____

[3] Ralte does not argue that she is a third-party beneficiary of these contracts.

[4] In arguing that these documents should be considered part of her employment contract, Ralte asserts that they are admissible to amplify the September 20, 1993, employment contract under the partial integration exception to the parol evidence rule. See High Knob, Inc. v. Allen, 138 S.E.2d 49, 52 (Va. 1964). We agree with the district court that this exception is not applicable here. First, Ralte has not met her burden of forecasting evidence that the September 20, 1993, employment contract was not a fully integrated document. Second, even if we accept her contention that she has raised a genuine issue of material fact on the question of whether the September 20, 1993, contract was fully integrated, the contents of these additional documents do not demonstrate that Ralte and HKI entered into an employment contract for a fixed term of five years.

[5] Because we determine that there was no employment contract for a fixed term of five years, we need not reach either the derivative claim of intentional interference with contractual relations or HKI's cross-appeal for contribution.

6